**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

---------------------------------------------------------------x----------------------------------------------------
:
In re                                :         **Chapter 11**
:
**FIRST BRANDS GROUP, LLC,** *et al.,*[1]   :         **Case No. 25-90399 (CML)**
:
        **Debtors.**                 :         **(Jointly Administered)**
:
:
---------------------------------------------------------------x----------------------------------------------------
:
**FIRST BRANDS GROUP, LLC,** *et al.,*   :
:
        **Plaintiffs,**           :         **Adv. Pro. No. 26-03005 (CML)**
:
**v.**                               :
:
**ONSET FINANCIAL, INC.,** *et al.,*     :
:
        **Defendants.**          :

**REPLY IN SUPPORT OF THE DEBTORS' MOTION TO EXTEND**
**THE STAY OF ADVERSARY CASE DEADLINES AND DISCOVERY**

First Brands Group, LLC and certain of its debtor affiliates[2] (the "**Debtors**"), as

debtors and debtors in possession in the above-captioned chapter 11 cases, and plaintiffs (and

counter-claim defendants) in the above-captioned adversary proceeding (the "**Adversary**

**Proceeding**"), file this reply in support of the *Motion to Extend the Stay of Adversary Case*

---

[1]    A complete list of Debtors in these chapter 11 cases may be obtained on the website of Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2]    For the avoidance of doubt, this motion is filed by the First Brands Group Debtors, and not by Viceroy Private Capital, LLC and certain of its direct and indirect subsidiaries (the "**SPV Debtors**" or the "**SPV Entities**"). The SPV Debtors are identified on Exhibit A of the *SPV Entities' Application for Order Authorizing the Retention and Employment of Simpson Thacher & Bartlett LLP as Counsel to the SPV Entities* (ECF No. 1179, Case No. 25-90399).

*Deadlines and Discovery* (ECF No. 125) (the "**Stay Motion**") and in response and opposition to *Onset Financial Inc.'s Objection to Debtors' Motion to Extend the Stay of Adversary Case Deadlines and Discovery* (ECF No. 129) (the "**Stay Opposition**").

## PRELIMINARY STATEMENT

1.      As detailed in the Stay Motion, the already issued stay of discovery pending the James' criminal trial (which is scheduled for February 9, 2027) should also apply to all case deadlines (i.e., motions to dismiss and other responsive pleadings), aligning this adversary proceeding with *First Brands Group, LLC v. James*, Adv. Pro. No. 25-03803 (the "**Patrick James Adversary Proceeding**"), and freeing up precious resources to focus on the plan confirmation process.  Nothing in Onset's Stay Opposition alters the conclusion that the requested supplemental stay is warranted.

2.      *First*, Onset argues that, unlike the Patrick James Adversary Proceeding, this Adversary Proceeding is not intertwined with the Criminal Proceeding.  Stay Opposition ¶ 4.  But it plainly is. *See* Hearing Tr. 14:18–15:3, May 8, 2026 (ECF No. 2636, Case No. 25-90399) (remarking that the Court was "inclined to stay . . . the entire" Patrick James Adversary Proceeding and the Adversary Proceeding because "the matters are too intertwined").  Indeed, two defendants and two witnesses in the Criminal Proceeding are parties to this Adversary Proceeding, and Onset has repeatedly argued (including in the pending Rule 12 motions it seeks to litigate) that the Debtors' Complaint conflicts with the criminal indictment. *Second*, no undue prejudice (e.g., in the form of reputational harm) would result from issuing a supplemental stay to cover briefing and argument concerning Rule 12 motions. *See* Stay Opposition ¶ 25.  Onset's Rule 12 motions are based on, at best, easily cured alleged pleading deficiencies.  They cannot determine whether the substantive allegations and resulting claims levied against Onset are supported by the evidence

and thus the Rule 12 motions will not resolve Onset's reputational concerns.  And, Onset's "Plan-based prejudice" arguments are incorrect and have no bearing as to whether a stay should be issued in this Adversary Proceeding.  *See* Stay Opposition ¶¶ 26-29.

3.  *Third*, Onset incorrectly asserts an absence of prejudice if the stay is not granted. *See* Stay Opposition ¶¶ 30, 31. To the contrary, the Debtors and the scores of parties named as parties by Onset to this litigation can and should concentrate on the confirmation process for the reformulated joint liquidating plans.

4.  Accordingly, the Debtors respectfully request that the Court issue a supplemental stay to cover not just discovery but all deadlines in the Adversary Proceeding pending the trial in the Criminal Proceeding or, in the alternative, for an additional 60 days.  A revised proposed order is attached hereto as **Exhibit A**.[3]

## ARGUMENT

**I.   THIS ADVERSARY PROCEEDING SHOULD BE STAYED PENDING THE CRIMINAL TRIAL**

5.  Onset is incorrect that "this proceeding does not disturb parallel proceedings." Stay Opposition ¶ 20.  This Adversary Proceeding and the Criminal Proceeding both relate to financial reporting, off-balance-sheet debt, inventory collateral, and related transactions, and involve the same alleged actors—including Edward James, Patrick James, Andrew Brumbergs, and Stephen Graham.  *See* Government Stay Motion at 14; *see also Onset's Answer and Complaint* (ECF No.

---

[3] The relief requested in the proposed order is slightly revised given that, on May 29, 2026, the district court for the Southern District of Texas denied the appeal of the order staying all discovery in the Patrick James Adversary Proceeding pending resolution of the Criminal Proceeding.

16).  Onset's own claims—including fraud and conspiracy—mirror issues in the pending Criminal

Proceeding. [4]  The Government agrees:

> There is substantial overlap between this proceeding and the criminal case.  Both involve
> Edward James, Patrick James, as well as their co-conspirators Brumbergs and Graham.
> Both will require proof of similar facts through the same witnesses.  For example, both will
> require proof—largely from the same witnesses and documents—about First Brands' use
> of off-balance sheet debt.

Government Stay Motion, at 14.

6.      Further, Onset's contention that litigation of the Rule 12 motions will not "produce

a single contradictory order, would not implicate a single overlapping witness, and would not

disturb a single aspect" of the Criminal Proceeding (*see* Stay Opposition ¶ 4) is belied by its own

Rule 12 motion.  There, Onset contends that the indictment identifies Onset as one of the victims

of the alleged fraud scheme—a characterization directly at odds with the complaint Onset seeks to

dismiss.  *See Onset Financial, Inc.'s Motion for Judgment on Plaintiff's Claims* (ECF No. 32) ¶¶

1, 11, 25, 37.[5]

7.      Onset additionally argues that it would suffer "reputational harm" absent

adjudication of the Rule 12 motions and must be allowed to "vindicate" itself.  *See* Stay Opposition

¶¶ 25, 31.  As discussed above, however, Onset's basis for dismissal are mere alleged pleading

deficiencies—including failure to meet Rule 9(b)'s heightened pleading standard, improper group

pleading, and failure to adequately plead insolvency and lack of reasonably equivalent value on a

---

[4] To the extent that Onset incorporates by reference its motion to reconsider (Dkt. No 103) and reply (Dkt No. 123), *see* Stay Opposition ¶ 6, the Debtors also incorporate by reference their *Opposition to Onset Financial Inc.'s Amended Motion to Reconsider the Order Staying Adversary Case Deadlines and Discovery* (ECF No. 109) (April 21, 2026).

[5] "[T]his Court has the inherent power to enter a stay of proceedings in the interest of justice, or in order to advance the interest of judicial economy, or to preserve the resources of the parties."  Order (ECF No. 181, Case No. 25-03803) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). Therefore, despite Onset's claims, *see* Stay Opposition ¶ 21, the Debtors' request for a stay pending the trial in the Criminal Proceeding, or in the alternative and at a minimum, 60 days, would neither be "immoderate" nor "indefinite."

transfer-by-transfer basis.  *See, e.g.*, *Onset Financial, Inc.'s Motion for Judgment on Plaintiff's Claims Against Onset Financial, Inc. Pursuant to Federal Rule of Civil Procedure 12(c)* (ECF No. 32) ¶¶ 22–29, 46–54.  Even if Onset were to succeed on these bases, it would not be "vindicate[d]" in any reputational sense as such relief would most likely result in an amended pleading, thereby leaving for another day the question of whether the factual allegations concerning Onset's conduct are supported by the evidence.  *See Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 125 (5th Cir. 2019) ("Rule 15(a) evinces a bias in favor of granting leave to amend.") (internal quotations and citations omitted); *Fullwood v. Capital One Servs., L.L.C.*, 2010 WL 11614085, at \*2 (N.D. Tex. Mar. 25, 2010) ("The court should not dismiss a claim for failure to meet the pleading requirements without granting leave to amend, unless the defect is simply incurable.") (internal quotations and citations omitted).

8.  Nor does a further stay of this Adversary Proceeding cause Onset any prejudice under the chapter 11 plan proposed by the Debtors.  *See Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (ECF No. 2907).  Onset's primary argument is that its inclusion under the plan as a "Specified Non-Released Party" means it will not be released by the Debtors if the plan is confirmed.  This argument assumes that Onset's designation as a Specified Non-Released Party due to the pendency of this Adversary Proceeding deprives it of a release to which it is otherwise entitled under the Plan or otherwise.  Not so.  Onset is not entitled to a release under the Plan, nor would it receive a release absent the Plan—regardless of whether Onset is designated as a "Specified Non-Released Party."  Additionally, the Plan does not prejudice Onset's or the Carnaby Debtors' rights to access information.  Nothing in the Plan prohibits Onset from seeking information it would otherwise be entitled to receive absent the Plan.  In sum, further stay of this Adversary Proceeding does not create any prejudice to Onset under the Plan.  To the extent

Onset believes the Plan prejudices its rights, it will have the opportunity to raise those objections in connection with Plan confirmation.

## II.    ONSET'S PROPOSAL WILL DIVERT LIMITED ESTATE RESOURCES AND PREJUDICE THE ESTATE

9.      Following the Court's denial of conditional approval of the Disclosure Statement, *see Order Denying Conditional Approval* (ECF No. 2814, No. 25-bk-90300), the Debtors must concentrate finite resources to pursue confirmation of the recently filed joint chapter 11 plans. *See Notice of Filing of Joint Chapter 11 Plan and Disclosure Statement* (ECF No. 2913, No. 25-bk-90300). This is the best value maximizing path available to all stakeholders. Now would be a most inopportune time to divert time and attention to briefing and argument about mere alleged pleading deficiencies. *See* Stay Opposition ¶ 30, 31.

10.     Additionally, Onset's suggestion that the Debtors are being "disingenuous" by pointing to resource constraints at this juncture is meritless. *See* Stay Opposition ¶ 22. Onset cites statements by a witness noting that funding could run out "as soon as the first week of February," but fails to acknowledge that the same witness discussed the mitigating activities being undertaken to avoid such a scenario. *See* Hr'g Tr. at 165:9–165:15, *In re First Brands Group, LLC*, No. 25-bk-90399 (CML) (Bankr. S.D. Tex. Jan. 13, 2026, Debtors' Witness, Daniel Jerneycic). Onset's argument is simply divorced from the reality of these chapter 11 cases.

11.     Further, in the Stay Opposition, Onset frames its arguments for denial as if the stay will only apply to Onset's own Rule 12 motions, but Onset itself has stated otherwise. *See e.g.,* Stay Opposition ¶ 20. In the Onset Joint Statement, Onset specifically requests that the "[d]eadline to answer, move, or otherwise respond to the Complaint and/or *Counterclaim, Cross-Claim, and Third-Party Complaint*" be set for the next month. *See* Onset Joint Statement ¶ 1 (emphasis added). Indeed, under Onset's proposed schedule, the Debtors would be forced to divert those

limited resources to respond to Onset's counterclaims, crossclaims, and third-party complaint—which assert fraud (Count I), unjust enrichment (Count II), civil conspiracy (Count III), federal RICO (Count IV), state RICO (Count V), and lien-priority claims (Count VI)—as well as to the two pending Rule 12 motions.  *See* Onset Joint Statement.

12.     And despite Onset's claims that the Debtors are at fault for the resources needed to respond, *see* Stay Opposition ¶ 23, it was Onset that suddenly asserted all manner of claims against approximately 40 counterclaim, cross, and/or third party defendants. *See Onset Financial, Inc.'s Answer and Counterclaim, Crossclaim, and Third-Party Complaint* (ECF No. 16).  Each of these defendants have to respond—either by filing their own motions to dismiss, joining existing motions, or answering.  *Id*; *see also* Government Stay Order.  If each of these parties were to file a motion to dismiss, this Court would likely be required to address dozens of additional motions to dismiss—on top of the two Rule 12 motions already pending—all while the Government's stay of discovery remains in place.

## CONCLUSION

13.     For the foregoing reasons, the Debtors respectfully request that the Court extend the stay pending the trial in the Criminal Proceeding.  At a minimum, the Debtors respectfully request, in the alternative, a limited extension of the stay for an additional 60 days or such other period as the Court deems appropriate.

Respectfully submitted on the 9th day of June, 2026.

Houston, Texas

   */s/ Clifford W. Carlson*
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email:  gabriel.morgan@weil.com
       clifford.carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Robert S. Berezin (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email:  matt.barr@weil.com
       sunny.singh@weil.com
       robert.berezin@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

8

## <u>CERTIFICATE OF SERVICE</u>

I, Clifford W. Carlson, certify that on June 9, 2026, I caused a true and correct copy of the foregoing document to be served by the Court's CM/ECF system on all parties entitled to notice, and was served by electronic mail on Defendants' counsel.

 /s/ *Clifford W. Carlson*
Clifford W. Carlson